THE STATE OF NEW JERSEY, RESPONDENT, v. JAMES J. DONOVAN ET AL., APPELLANTS.

Argued May 21, 1945—Decided November 29, 1945.

For the appellants, *John Warren.*

For the state, *Walter D. Van Riper,* Attorney-General; *John Drewen,* Supreme Court Commissioner, *pro se.*

The opinion of the court was delivered by

PARKER, J. The present proceeding looks toward a review by this court of an order made by the Supreme Court in a case of *certiorari* to an indictment, which order fixes the compensation of a Supreme Court Commissioner who took voluminous depositions in that case, and directs that one-half of the amount so fixed be paid by the plaintiffs in error, and one-half by the County of Hudson in which the indictment was found. The point made and argued here is that the Supreme Court should have required the whole amount of the compensation as fixed by the court ($2,500) to be paid by the county. This, and only this, is the judicial action challenged in the present proceeding before us.

The plaintiffs in error were indicted by the Hudson County grand jury for malfeasance, or more properly non-feasance, in office as city officials of Bayonne. They obtained a writ of *certiorari* to the indictment (*In re Donovan,* 129 *N. J. L.* 25): depositions were taken: certain motions connected therewith were considered and disposed of (*State* v. *Donovan,* 129 *Id.* 478; 130 *Id.* 42) and the indictment was finally

sustained and the *certiorari* dismissed by the Supreme Court, 132 *Id.* 319. What we are now concerned with, on the present "appeal," is not even the dismissal of the *certiorari*, but merely the propriety of an interlocutory order in that case for the equal division between the defendants and the county, of the cost of the depositions taken therein.

It is ordinary every day practice that when depositions are taken before a Commissioner, or a Master in Chancery, *pendente lite*, each party is liable to the official for the cost of his depositions in the first instance. In *certiorari* actions, by statute, the court may give judgment for costs in favor of either party; *R. S.* 2:81–7. But that statute relates to the final judgment, and not to the obligation of a party to the Commissioner or other officer in the first instance, as here. What we are asked to review is simply an incidental order in the *certiorari* case mentioned above. The burden of showing in that case that the indictment was invalid was upon the prosecutors. On that issue voluminous depositions were taken, by direct and cross-examination of many witnesses, before a Supreme Court Commissioner. The Supreme Court in its discretion awarded compensation to him, based on the services rendered, in the amount of $2,500, one-half to be paid by the state and the other half by the defendants named in the indictment. The amount is not challenged as excessive or unreasonable, nor is the equal division of it between the state and the defendants, but the claim is that in such a situation as the present one an indicted defendant who challenges the indictment by *certiorari* may take his proofs, no matter how lengthy, at the expense of the state. We know of no such rule, and all our experience is to the contrary. Apart from the fact that "appeal" does not lie in such a situation as that here presented, we conclude that the claim of the appellants is without merit, and the order challenged is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HETFIELD, PERSKIE, WELLS, RAFFERTY, DILL, FREUND, JJ. 10.

*For reversal*—None.